David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:   (602) 265-3332
Facsimile:    (602) 230-4482

Attorneys for Plaintiff
Gregory Voeller

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Gregory Voeller | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Richard J. Boudreau & Associates, LLC | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Gregory Voeller, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Richard J. Boudreau & Associates, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendant conducted business within the State of Arizona.

**PARTIES**

12. Plaintiff is a natural person who resides in the City of Phoenix, State of Arizona.

13. Defendant is located in the City of Salem, in the State of New Hampshire.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

16. Sometime before October 18, 2013, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before October 18, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

19. Subsequently, but before October 18, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about October 18, 2013, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

21. On or about October 18, 2013, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

22. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

23. On or about October 23, 2013, Plaintiff's mother-in-law, that was in hospice at the time, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a call from Defendant. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

24. During this conversation with Plaintiff's dying mother-in-law, Defendant made false statements.

25. This was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

26. On or about October 23, 2013, Plaintiff then called and faxed Defendant and demanded that Defendant cease and desist all contact.

27. Despite this verbal and written cease and desist request, Defendant mailed Plaintiff a letter the very next day.

28. By sending this communication after Defendant was notified in writing that Defendant Defendant cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c), Defendant violated 15 U.S.C. § 1692c(c).

29. In February 2014, Defendant again began calling and sending collection letters to Plaintiff on this very same debt.

30. By sending this communication after Defendant was notified in writing that Defendant Defendant cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c), Defendant violated 15 U.S.C. § 1692c(c).

31. Defendant is engaged in the business of attempting to collect debts in the State of Arizona. The debts that are pursued by Defendant are debts that have been allegedly acquired by Defendant after the debts are in default.

32. Defendant does not hold a current or even an expired license to act as a debt collection agency in the State of Arizona as required by A.R.S. 32-1021.

33. Defendant has and continues to act as a debt collection agency in Arizona.

34. Defendant willfully and knowingly acted as a debt collection agency in Arizona without a license. The Defendant and all persons are presumed to know the law.

35. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

36. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

37. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1).

38. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

39. As a result of Defendant's actions, Plaintiff has suffered actual damages including the money he now owes his mother, as well as mental anguish and emotional distress type damages, which have manifested in symptoms including but not limited to: stress, anxiety, embarrassment, humiliation, loss of sleep, feelings of hopelessness, pessimism, restlessness, irritability, depression and fear of answering the telephone, all impacting his personal relationships.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

40. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

1. • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
2. • An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: March 11, 2014         By: */s/ David J. McGlothlin*
                                  David J. McGlothlin
                                  Attorneys for Plaintiff